ROBERT E. TWAITES, Appellee, v. SOPHIA KUNDERT BAILLY et al., Appellants.

No. 40080.

JUNE 23, 1930.

*John J. Kintzinger,* for appellants.

*Brown, Lacy & Clewell,* for appellee.

FAVILLE, J.—The original notice in this action was served upon appellants on September 20, 1928. The petition was filed on September 21, 1928. On December 20, 1928, the appellants filed an answer. In one division thereof they admitted the execution of one of the notes sued on by appellee. In another division appellants denied the execution of the other note sued upon by appellee, denied that any consideration was ever received for said note, and alleged that a real estate and loan agent

was acting as agent for the appellee, and represented to appellants that he had a client who desired to purchase a note and mortgage for about the amount due on the first described note, and that, if appellants would sign a note and mortgage in blank, the agent would fill in the amount of the balance due on said note, which was about $905, and dispose of the same and pay off said note. Appellants alleged that they signed said note and mortgage in blank, and that said agent fraudulently filled in the amount in the sum of $1,600. They alleged that they never authorized the delivery of said note. On February 8, 1929, the appellee filed his reply, pleading estoppel, confirmation, and ratification, and the later execution of a renewal note of $1,600 for said note in controversy. The cause was continued from the appearance term, which was the October term, 1928, and was noticed for trial for the January term, 1929. Said cause was duly assigned for trial on February 12, 1929. At the request of counsel, the trial was postponed from time to time, and on February 23, 1929, the case was again definitely assigned for trial on February 28, 1929. On February 27, 1929, the appellants filed a motion for a continuance. The grounds of said motion appear only in affidavits attached to said motion. The affidavit of the appellants is to the effect that, in order to defend said action, it is necessary to employ an accountant, for the purpose of examining the books of the said agent referred to in the answer, and that the appellants had just recently received a small amount of money to use for the purpose of preparing the case for trial, and it would be impossible for counsel to prepare the case for trial for said term of court. The affidavit of counsel attached to the motion recites the engagement of counsel in jury cases involving a large amount of work, and that, in the opinion of counsel, it will be necessary to have the accounts of the said agent audited, and that, until a few days before the filing of the motion, appellants were unable to engage the assistance of an accountant, on account of the lack of·funds. The motion for a continuance was presented on February 27, 1929, and was overruled. On the same day, counsel who had appeared for the appellants withdrew his appearance of record. On the following day, the appellants appeared by new counsel, who filed another motion for a continuance, to the general effect that appellants had employed new counsel since the withdrawal of the appear-

ance of their former counsel, and that said counsel had not had opportunity to properly prepare said cause for trial. A hearing was had on said motion, and the same was overruled. The case, however, appears to have been passed from Thursday, February 28, 1929, to Saturday, March 2, 1929, at which time counsel for appellants appeared, and filed another motion for a continuance, the subject-matter being to the effect that counsel had been engaged in other matters in court and before the grand jury, and had not had time to prepare the case for trial. Said motion for a continuance was overruled, and on said date appellants filed an amendment to their answer. The cause then proceeded to trial. The only witness who appears to have testified in the case was the appellee, who testified to having purchased the note and mortgage in dispute, and testified that he paid therefor $1,600; that the party from whom he acquired it had a balance of $1,200 in his hands, belonging to the appellee; that said funds were appropriated as part payment for said note and mortgage; and that he paid to said party the balance by check of $400, making up the full $1,600. He also testified that he had since received a renewal note for said $1,600 note, which appears to have been executed by the appellants. No evidence whatever was offered in behalf of the appellants. The court entered judgment and decree for the appellee, as prayed in the petition. On March 5, 1929, the appellants filed a motion for a new trial, alleging therein error in the overruling of the motions for a continuance which had been filed by the appellants, and making further allegations showing the claimed inability of counsel for appellants to properly prepare the cause for trial. The motion for a new trial was overruled.

In its last analysis, this appeal involves but one question, and that is as to whether or not the court erred in overruling appellants' motions for a continuance. The granting or refusing of a continuance rests largely in the discretion of the trial court. Section 11443, Code, 1927. Before this court will interfere with the ruling of a trial court on a motion for a continuance, it must clearly and affirmatively appear that the court has abused the discretion lodged in it; and that a palpable case of injustice is presented. *Widner v. Hunt,* 4 Iowa 355; *Baker v. Langan,* 165 Iowa 346; *Cavanagh v. O'Connor,* 194 Iowa 670.

From a careful examination of the record we are of the

opinion that the case fails to show any such abuse of the discretion lodged in the trial court in regard to the granting of motions for a continuance as to call for interference on our part. The original notice was served on September 20, 1928; the petition was filed the following day. Practically ninety days elapsed before appellants filed their answer. There was abundant opportunity for preparation of the case during said period of time. The case, however, was continued over until the following term, and was assigned in February. On the day before the cause was upon the assignment for trial, a motion for a continuance was filed by the appellants. The motion was not filed on the second day of the term, although it was apparent that the facts therein set forth must have been known to the appellants at said time. The grounds of the motion were to the effect that the appellants now deemed it desirable to employ an accountant to examine the books of a third party, and that they had not previously had sufficient funds available to employ such an accountant. The showing was quite inadequate as to what appellants expected to prove, and what efforts, if any, had been made to secure the desired testimony. The court, in our judgment, did not abuse its discretion in overruling said motion. The same is equally true of the subsequent motions that were filed by counsel. Evidently some preparation had been made for the trial of the cause, the affidavit of the new counsel employed being to the effect that he had received a brief of twenty-five typewritten pages from the preceding counsel. The issues as tendered were not complicated or greatly involved. The court postponed the trial, to permit counsel to prepare for submission of the case, and when it was reached for trial, a third motion for a continuance was presented. We are rather confirmed in our conclusion that the court did not err in overruling the motions for a continuance because of the fact that no attempt was made by the appellants to offer any evidence whatever upon the trial, or furnish any excuse why they did not interpose their defense, as pleaded in their answer. The knowledge of the matters claimed as defenses and set up in the appellants' answer must, of necessity, have been within their own knowledge, and easily susceptible of proof by themselves. No such proof was offered, nor excuse given for not offering it. We are persuaded that there is no showing of an abuse of discretion of the trial court in overruling appellants' motions for a

continuance or in denying the appellants a new trial. Upon the entire record, it does not appear that any grave injustice has followed the rulings of the trial court, or that they were not justified or warranted under the circumstances disclosed. The judgment and decree appealed from is, therefore,—*Affirmed*.

MORLING, C. J., and STEVENS, ALBERT, and WAGNER, JJ., concur.