E. S. GAYNOR, Appellant, v. J. A. MAGOUN et al., Appellees.

No. 45295.

OCTOBER 15, 1940.

Ward R. Evans, for appellant.

Gill & Gill, Corbett & Corbett, Stewart & Hatfield, and Milchrist & Marshall, for appellees.

HAMILTON, J.—There is but one error assigned—that of overruling plaintiff's motion for continuance and dismissing

plaintiff's cause of action. The law governing a party's right to a continuance is well settled and requires no citation of authorities. A motion for a continuance is addressed peculiarly to the sound legal discretion of the court and will not be interfered with on appeal unless the supreme court is clearly satisfied that this discretion has been abused and injustice thereby done. With this rule in mind, let us look at the situation presented by the record in this case.

In substance, the petition alleges that the plaintiff was bringing his action under the provisions of sections 11815 to 11818, inclusive, of the 1935 Code of Iowa; that plaintiff was the owner and holder, by written assignment, of a judgment obtained by the receiver of a failed bank against J. A. Magoun which judgment was obtained in the United States district court, northern district of Iowa, June 1, 1931; that execution had been issued and returned wholly unsatisfied; that the banks named as defendants have certain moneys, currency, stocks, bonds, notes, mortgages, certificates of indebtedness and other personal property, which is in their possession, and which is, in fact, the property of J. A. Magoun; that all of the defendants have real estate standing in their names which is in fact the property of J. A. Magoun, and praying that title to said property be established in said J. A. Magoun, the judgment debtor, and plaintiff's judgment be established as a lien against said real estate and that execution issue for the sale of the same and for the sale of said personal properties as provided by law.

By way of answer, it is alleged that plaintiff's action was not commenced until the 6th day of September, 1939, which said action was prior thereto and is now barred by the special statute of limitations on judgments set out in chapter 487-E1, 1935 Code of Iowa, and the bringing of said action is prohibited by the provisions of sections 11033-e1 and 11033-g2 of said chapter and Code of Iowa for any purpose except that of offset; and demanding that the action be abated and plaintiff's petition be dismissed at plaintiff's costs.

To this answer, plaintiff made reply denying each and every affirmative allegation and specifically denying that plaintiff's action was barred and denying that a certain deed, referred to in the answer, was given as security for the note

upon which the plaintiff's judgment is based and alleging the fact to be that the note was unsecured and was received by the receiver of said bank as an unsecured asset.

The record shows that the case was brought for the November 1939 term and had been assigned for trial on or about the 14th day of November, but had been passed at the request of counsel for plaintiff until December 18, 1939, at 2 p. m., at which time the case came on for trial. A colloquy between the court and counsel immediately took place as follows:

"The Court: Proceed with the case.

"Mr. Evans: If the Court please: Yesterday I informed Mr. Gill we would want Mr. Magoun as the first witness, so we will call Mr. J. A. Magoun.

"Mr. Frank E. Gill: We stated what the situation was and the certificate from the physician may have been brought over by this time. Dr. Charley McHugh was to bring that over.

"The Court: Well, the Court can see that after it is brought over.

"Mr. Gill: I think we should have a little record. We contend that the only issue on which any evidence is competent here, whatever evidence may be offered by this plaintiff would have to be evidence on the issue as to the plea in abatement, raising the question of the Statute of Limitations. * * *

"The Court: Any further evidence on the part of the plaintiff?

"Mr. Evans: Let the record show that on Friday when this case was set for trial for 2 o'clock on Monday, that the attorney for the plaintiff informed counsel for the defendants that he desired the various defendants to be in Court, and especially J. A. Magoun, for the reason that he wished to take the testimony of J. A. Magoun as his first witness, as that is necessary to the proper presentation of his case, and he asks that he be presented in court.

"Mr. Gill: The defendant resists any such request and asks that the counsel make a statement of what he expects to prove by J. A. Magoun that is competent or material or relevant to the issues on a hearing here bearing on a Plea in Abatement.

"Mr. Evans: In reply to that we will say we expect to prove by the evidence of J. A. Magoun the material allegations of plaintiff's Petition.

"Mr. Gill: Would the Court want to take up and hear any discussion of the law?

"The Court: I want the plaintiff to proceed with his evidence, if he has any to introduce; that the Court is informed that J. A. Magoun never will be in a condition to give any testimony in this Court. When was this case assigned for trial?

"Mr. Gill: It was set for trial November 14th or 15th, along in there.

"The Court: This is the third time that this case has been before the Court the last few days, and the Court at the request and accommodation of the counsel for the plaintiff, because of the absence of counsel who was to assist him, continued the case to 2 o'clock this afternoon, at which time the counsel was informed that the case today would proceed on its merits, and according to what the Court has heretofore stated at this time the case will proceed to trial upon its merits. If counsel for the plaintiff has any evidence to introduce the Court will hear him, and if, after the evidence is introduced he thinks that in order to decide the case further evidence should be had, and the plaintiff desires to introduce further evidence, the case will be held open for that purpose. but under the circumstances he thinks this case should proceed to trial."

At this point, counsel for plaintiff strenuously protested, contending he was entitled to have J. A. Magoun as his first witness and asserting he was not incapacitated.

"The Court: Proceed with the case.

"Mr. Gill: I think, your Honor, we might have this certificate of the doctor marked and made a part of the record concerning said J. A. Magoun's condition.

"(Dfs.' Ex. "1", Certificate of Dr. Charles McHugh; marked for the defendants.)

"To all of which the plaintiff duly excepts."

Thereupon, the plaintiff, without waiving any rights as to the objections made, called as a witness the son of J. A. Magoun who testified, in substance, that he was cashier of the Sioux National Bank when it closed December 6, 1930; that his father was the president of the bank; that he did not know the contents of the safety deposit box in the bank standing in the name of J. A. Magoun or J. A. Magoun, trustee; that he knew of no real estate in Sioux City, Iowa, standing in the name of J. A. Magoun or J. A. Magoun, trustee; that he knew that J. A. Magoun gave a deed to the Sioux National Bank early in the 1920's for security on the note on which this action is based (the deed was not recorded until some years later); that he did not know why the deed was not filed for record until May 1, 1931; that the deed did not recite that it was given for security for "this" note; that it was a straight deed from J. A. Magoun to Sioux National Bank; that he thought his father, J. A. Magoun, kept books of his personal and business affairs but did not know what had become of them or whether they were in his possession at the present time.

At this juncture, plaintiff filed a motion for continuance to which resistance was filed, after which the following proceedings appear from the record:

"The Court: As I stated yesterday, plaintiff can introduce the evidence he has here and if he sees fit under the law the Court will continue the case for further evidence, and after you have introduced your evidence, Mr. Evans, the Court will hear argument on the law here, and if he sustains defendants' claim that the judgment is barred that will end the case. If he hold otherwise it will not end the case and you can introduce further evidence then.

"Mr. Evans: What is the ruling of the Court on our motion?

"The Court: I just stated what the ruling was. Proceed with your evidence and we will hear the law then discussed.

"Mr. Evans: The Court ought to rule.

"The Court: It doesn't make any difference what you think the Court ought to do. The Court will do what he thinks is the right thing to do. Now, if you want to introduce further evidence the Court will patiently listen to you, but if you don't

care to, we will hear the law discussed. (To which ruling the plaintiff duly excepts.)

"Mr. Evans: The plaintiff asks that the Court rule upon the motion.

"The Court: The moton will be overruled subject to the former statements of the Court. (To which ruling the plaintiff duly excepts.)"

Whereupon, counsel for plaintiff announced to the court and to opposing counsel that, as soon as the order of the court overruling the plaintiff's motion for a continuance is entered, he will appeal the same to the supreme court of Iowa.

"Mr. Gill: Now we are ready to proceed with our argument, your Honor.

"The Court: Very well. (Mr. Evans leaves the court room.)

"Mr. Gill: The defendants, and each of them, move the Court dismiss this action and enter judgment for the defendants and each of them, against the plaintiff for costs on the following, among other grounds:

"1st: For the reason that this action and this judgment is barred by Iowa Code of 1935, Chapter 487-E1, Sections 11033-e1 and 11033-g2, and the decisions of the Supreme Court of Iowa.

"2nd: For the reason that the counsel for the plaintiff has refused to proceed with the trial of this case and offer or attempt to offer any further evidence and has entirely abandoned the case and walked out of the Court House, leaving the room while the defendants were still engaged in and ready to proceed and still insisting with proceeding with the case, and the defendants now present arguments and brief to sustain the defendants' position and each of the defendants' positions, for judgment in favor of the defendants, releasing and discharging the garnishee and entering judgment against the plaintiff.

"The Court: The motion of the defendants to dismiss plaintiff's cause of action for the reasons stated in said motion is sustained and costs are hereby taxed against the plaintiff, and the defendant banks, and each of them, are released and discharged from this case and proceedings. (To which ruling the plaintiff duly excepts.)"

Formal judgment was entered in compliance with said ruling and recorded on December 20, 1939, from which order and judgment the plaintiff has appealed.

It will be noticed that the motion for continuance was not filed until the case had been reached for trial and trial commenced. An examination of the motion discloses little, if any, effort to comply with sections 11443, 11444 and 11446 of the 1935 Code of Iowa, relating to such matters; that the same is not supported by affidavit; does not show any efforts constituting diligence for obtaining such evidence; does not set out what particular facts the affiant believes the witness will prove or facts showing reasonable ground of belief that his attendance or testimony will be procured at the next term, nor does it set out facts constituting an excuse for the delay in making such motion. The record does contain a statement by the trial court "that the court is informed that J. A. Magoun never will be in a condition to give any testimony in this court", and defendants' Exhibit 1, referred to in the abstract as the certificate of the doctor, which is addressed to the trial judge, states:

"On the evening of Oct. 18, 1937, I was called to Mr. Magoun's residence and found him in complete physical collapse, evidently due to a disturbance of the circulation. There had been an involuntary relaxation of the bladder and rectal sphincters. He was very pale and practically pulseless. It was several hours before he could be carried to his bedroom. He has been under my care for this attack since that date.

"On April 23, 1939, he had an attack of similar character but more severe. Recently he had an attack on November 1st, and another on December 5th.

"It is my judgment that his appearance in court at this time would likely lead to an attack that would possibly be fatal."

From the foregoing, we conclude that there is enough in the record to justify the court's ruling because of failure to comply with the statute. In addition to this, we are unable to see wherein the plaintiff has sustained any prejudice or harm. Under the record, there can be no question but what the judgment, which is the basis of this action, is barred under the provisions of section 11033-e1 contained in chapter 487-E1 of the 1935

Code of Iowa, it being a judgment "assigned by a receiver of a closed bank". This section, in effect, provides that from and after January 1, 1934, no such judgment "shall be enforced and no execution issued thereon and no force or vitality given thereto for any purpose other than as a set-off or counterclaim after the expiration of a period of two years from the entry thereof."

See as supporting our conclusion: Johnson v. Keir, 220 Iowa 69, 261 N. W. 792; Berg v. Berg, 221 Iowa 326, 264 N. W. 821; and Johnson v. Leese, 223 Iowa 480, 273 N. W. 111.

There was no abuse of discretion; hence, the judgment of the trial court must be and is affirmed.—Affirmed.

RICHARDS, C. J., and SAGER, BLISS, HALE, MITCHELL, MILLER, and STIGER, JJ., concur.