STATE OF IOWA, Appellee, v. ONE CERTAIN AUTOMOBILE et al., Appellant.

No. 46839.

JULY 29, 1946.

REHEARING DENIED SEPTEMBER 23, 1946.

Charles P. Howard, of Des Moines, for appellant.

John M. Rankin, Attorney General, Charles H. Scholz, Assistant Attorney General, Vernon Seeburger, County Attorney, and E. S. Thayer, Assistant County Attorney, for appellee.

GARFIELD, C. J.—On May 4, 1944, pursuant to section 127.10, Code, 1946 (section 2009, Code, 1939), one McClelland filed with the Polk county district court an information under oath stating that a certain Ford automobile was on April 29, 1944, in said county employed in the transportation of liquor in violation of law and because of such use was at that time

and place seized and is now in the custody of the sheriff of Polk county; to affiant's best knowledge and belief said automobile belongs to Don Madero. The information asked that the automobile be dealt with as provided by law.

On June 22, 1944, Don Madero filed an affidavit entitled "Notice of Ownership" stating that he is the owner of the automobile and if it was being employed in the unlawful transportation of intoxicating liquors, such use was without his knowledge or consent, directly or indirectly. See section 127.11(3), Code, 1946 (section 2010, Code, 1939).

Trial was had to the court on October 2, 1944. Two police officers testified that on April 29, 1944, they saw the automobile in question while driven in Des Moines by one Clyde Vaughn, who was arrested when certain liquor bearing Illinois seals was found in the car; both Madero and Vaughn were employed by Johnny Critelli, a Des Moines tavern operator, Madero as manager of one of the taverns. A chemist testified he analyzed the contents of one of the bottles found in the car and it was intoxicating liquor.

At the end of the State's evidence, Madero moved for "a directed verdict" in his favor because, "there being no denial of the answer it stands * * * as admitted * * * under the new rules." The "answer" to which the motion referred is Madero's affidavit entitled "Notice of Ownership." Madero's motion was overruled. He offered no evidence and the court entered judgment of forfeiture and for sale of the automobile. Upon this appeal, the overruling of this motion is assigned as error.

■ I. We first consider the overruling of appellant Madero's motion for continuance, which is also assigned as error. The facts relating to this complaint are these: Apparently the time of hearing on the information was first set for June 26, 1944, but no hearing was then held and the matter was assigned to be heard on September 28, 1944. The attorney who first represented appellant withdrew and his present counsel asked for a continuance until September 30th, which was granted. On that date a motion for continuance was filed "until such time as the witness [Clyde Vaughn] is available."

Attached to the motion for continuance is Madero's affidavit, which repeats most of the statements in the affidavit entitled "Notice of Ownership" and also states, in substance: Vaughn is in the military service of the United States; "his address I'm unable to ascertain; he is an important witness on my behalf; I desire his testimony that he had been inducted into the Army and expected to leave in a short while; he desired to spend some time with his girl that day and wanted to borrow my automobile to take her places and visit friends; Vaughn was to return my car before my work hours were over; I had no knowledge or information as to his going to any other place than his girl's house nor that he expected to get any liquor or have it in my automobile; I did not consent that he transport any liquor in my car; his use of my car was without reward to me."

The overruling of the motion for continuance presents no reversible error. A motion for continuance is addressed to the sound legal discretion of the trial court and we will not interfere with a ruling thereon unless it clearly and affirmatively appears there has been an abuse of such discretion and injustice thereby done. Gaynor v. Magoun, 229 Iowa 134, 135, 294 N. W. 256; In re Estate of Rogers, 226 Iowa 183, 185, 283 N. W. 906; Twaites v. Bailly, 210 Iowa 783, 785, 231 N. W. 332, and cases cited. See, also, 12 Am. Jur. 450, section 5; 17 C. J. S. 191, section 5.

When the cited cases were decided, sections 11442–11444, Code, 1939, were in force. These statutes have been superseded by Rules 182, 183, Rules of Civil Procedure. But the doctrine of the cited cases is equally applicable under the Rules.

Rule 182(a) provides: "Motions for continuance shall be filed without delay after the grounds therefor become known to the party or his counsel." It appears here that appellant knew Vaughn was in the military service when the notice of ownership was filed on June 22, 1944. The grounds of the motion were then known to appellant, yet no motion for continuance was filed until September 30th, the day set for trial. This circumstance in itself affords sufficient basis for the denial of a continuance. See Robyn v. Van der Weide, 178 Iowa

608, 610, 611, 159 N. W. 1034; Percival-Porter Co. v. Oaks, 130 Iowa 212, 219, 106 N. W. 626; Bays v. Herring, 51 Iowa 286, 287, 1 N. W. 558; 17 C. J. S. 256, section 87; 12 Am. Jur. 476, section 37.

Rule 183(b), quite similar to section 11444, Code, 1939, states:

"All such motions based on absence of evidence must be supported by affidavit * * * and must show:. (1) the name and residence of the absent witness, or, if unknown, that affiant has used diligence to ascertain them; (2) what efforts, constituting due diligence, have been made to obtain such witness or his testimony, and facts showing reasonable grounds to believe the testimony will be procured by the next term; (3) what particular facts, distinct from legal conclusions, affiant believes the witness will prove, and that he believes them to be true and knows of no other witness by whom they can be fully proved."

Appellant made no attempt to show that he used diligence to ascertain Vaughn's address or to obtain his testimony. No facts are stated in the motion or affidavit attached thereto "showing reasonable grounds to believe the testimony will be procured by the next term," in accordance with (2) above. Likewise there was no showing that appellant knows of no other witness by whom the facts can be fully proved, in accordance with (3) above.

According to the affidavit attached to the motion appellant wanted Vaughn to testify principally to the use he was to make of the car and appellant's claimed lack of knowledge that liquor was to be transported in it. Obviously the arrangement between appellant and Vaughn for the latter's use of the car, as well as appellant's claimed lack of knowledge regarding the liquor, was as fully known to appellant as to Vaughn. Yet appellant did not testify and the reason given therefor is not convincing.

The basis of appellant's claim is not "that said conveyance was not being employed, when seized, in the unlawful transportation of intoxicating liquors," but "that if it was being so employed such use was without the knowledge or

consent, directly or indirectly, of said claimant." See section 127.11(3), Code, 1946 (section 2010, Code, 1939). Appellant's failure, without adequate explanation, to testify to the matters within his knowledge rather confirms our conclusion that there was no abuse of discretion in denying a continuance. Twaites v. Bailly, supra, 210 Iowa 783, 786, 231 N. W. 332.

It is worthy of mention that a criminal charge growing out of the transaction in question is pending against Vaughn and he would hardly be a disinterested witness in the present case.

No question involving the Soldiers' and Sailors' Civil Relief Act, 50 U. S. C., section 501 et seq., is presented to us.

II. Nor do we think it was error to overrule appellant's motion "for directed verdict." The provision of the Rules of Civil Procedure upon which appellant relies is Rule 102, which reads:

"Every fact pleaded and not denied in a subsequent pleading, as permitted by these rules, shall be deemed admitted, except allegations of value or amount of damage. Allegations of a reply shall be deemed denied by operation of law."

■ Appellant contends his affidavit entitled "Notice of Ownership" was an answer—a pleading—and since there was no denial in a subsequent pleading of the facts stated in the affidavit they must be deemed admitted. But we think Rule 102 is not applicable here.

Neither the information nor the claim of ownership can fairly be called a pleading, within the contemplation of Rule 102. The various provisions of Division IV of the Rules, of which 102 is part, make this clear. We will mention a few of these provisions: Rule 68 lists the allowable pleadings as "petition, answer, and such counterclaim, reply, amendment, cross-petition or petition of intervention, as these rules allow." These are the usual pleadings in actions at law and in equity. Rule 70 requires that, "The petition shall state whether it is at law or in equity * * *." Under Rule 72 the answer must "* * * specifically admit or deny each allegation or paragraph of the petition * * *." Rule 79 states, "Every pleading shall be separated into numbered paragraphs, each of which shall

contain, as nearly as may be, a distinct statement." According to Rule 80(a), "Pleadings need not be verified * * *." Rule 85 specifies the time within which to move or plead.

It is fair to conclude that the pleadings to which Rule 102 applies are those referred to in other provisions of Division IV, particularly Rule 68. Neither the information nor the claim of ownership provided for in chapter 127, Code, 1946 (chapter 97, Code, 1939), answers the description of any pleading to which Division IV of the Rules applies. Incidentally there seems to have been no attempt, in the preparation or filing of the claim of ownership, to comply with any of several requirements of Division IV of the Rules as to form, contents, or time for filing of pleadings.

The claim of ownership filed here, as required by section 127.11(3), Code, 1946, is a mere affidavit. While a verified pleading which meets the legal requirements for an affidavit may be held to be an affidavit, a mere affidavit which does not meet the legal requirements for a pleading may not properly be called a pleading. See 2 C. J. S. 924, section 1b(2); 41 Am. Jur. 288, section 2; Burlew Hdwe. Co. v. City of Spencer, 99 W. Va. 44, 127 S. E. 727; Colorado Vanadium Corp. v. Western Colo. Power Co., 73 Colo. 24, 213 P. 122, 123; Carpenter v. Clements, 122 Iowa 294, 299, 98 N. W. 129.

We think chapter 127, Code, 1946 (chapter 97, Code, 1939), not Division IV of the Rules, particularly Rule 102 thereof, regulates the papers to be filed in this kind of proceeding. Chapter 127 contemplates the filing only of an information and "the written claim of the owner or other claimant * * *." The statutes do not require the filing of other papers. There is nothing in Division IV of the Rules to indicate that other papers, in the form of pleadings, are necessary in such a proceeding as this.

This is a special action or proceeding of a criminal or quasi-criminal character. Section 611.2, Code, 1946 (section 10939, Code, 1939); State v. One Certain Ford Coupé, 205 Iowa 597, 600, 601, 218 N. W. 346; State v. One Chrysler Coupé, 215 Iowa 1308, 1309, 245 N. W. 243, 247 N. W. 639. It is similar, except in certain named particulars, to a proceeding for forfeiture of intoxicating liquors seized under

search warrant. Section 127.11, Code, 1946 (section 2010, Code, 1939). Such proceedings under search warrant are criminal or quasi-criminal. State v. Knapp, 178 Iowa 25; 28, 158 N. W. 515; State v. Arlen, 71 Iowa 216, 32 N. W. 267, and cases cited. See, also, State v. Taggart, 186 Iowa 247, 172 N. W. 299.

In In re Estate of Hermence, 235 Iowa 745, 750, 15 N. W. 2d 905, 908, we held that nothing in Division IV of the Rules is applicable to so-called pleadings in another form of special action or proceeding—a will contest—and that nothing in said division requires a reply in such an action. In McCurdy v. Gilleland, 236 Iowa 362, 374, 17 N. W. 2d 829, 834, 835, an attempt was made to invoke Rule 102 in a probate proceeding for the allowance of a claim against a decedent's estate. We held that Division IV of the Rules, especially Rule 102, has no application to so-called pleadings in such a proceeding. We think the reasoning of these decisions is sound and should be applied here. Its application is a complete answer to appellant's contention.

Since we find no merit in either assignment of error, the judgment is—Affirmed.

All JUSTICES concur.