IN RE ESTATE OF PHILIP TOMIN, deceased.

No. 52514.

(Reported in 152 N.W.2d 286)

July 11, 1967.

Margaret E. Santee, of Cedar Falls, for appellant.

Wirt P. Hoxie and Max R. Teske, both of Waterloo, for appellee.

Larson, J.—A purported will of Philip Tomin, deceased, was filed in the probate court of Black Hawk County on February 4, 1965, by Jennie Sherman, the sole beneficiary and the named executrix therein. Hearing thereon was set for February 15, 1965. Plaintiff-contestant filed written objections to the probate and, after some delay and counsel changes for contestant, trial was had to the court which resulted in an order admitting the will to probate. Plaintiff's motion for a new trial was overruled and she appeals.

Only two issues are presented by this appeal. The first is whether, under the circumstances revealed, the trial court erred in refusing to grant the request of plaintiff's present counsel for a continuance, and the second, whether the court erred in ruling as a matter of law that plaintiff had failed to prove the revocation of the will offered for probate.

At the commencement of this trial proponent offered into evidence, as Exhibit A, a will executed by Philip Tomin on March 26, 1924, together with various depositions taken to establish its execution. They were admitted into evidence without objection, and proponent rested. Plaintiff-contestant's evidence was followed by proponent's motion to dismiss, which was sustained. In her motion for a new trial plaintiff complained of the refusal to give her most recent counsel adequate time to study the record and prepare for trial and claimed "there were discoveries which would be material in the promotion of justice and which would require a diligent search." What these discoveries were does not appear. A little more time might have been granted plaintiff's present counsel to make her own investigations and preparations, but we are not convinced the trial court abused its discretion in refusing a further continuance or that anything has been revealed which would justify granting a new trial in this matter.

I. Before we consider the facts disclosed by the record, reference should be made to two well-established rules of law which appear applicable here, i.e., that a motion for continuance is addressed to the sound discretion of the trial court and this court will not interfere with a ruling thereon unless it clearly and affirmatively appears there has been an abuse of such discretion and injustice thereby done (State v. One Certain Automobile, 237 Iowa 1024, 1027, 23 N.W.2d 847, and citations), and that there is no reversible error or prejudice to the parties where it appears in a trial to the court that the prevailing party would have been entitled to a directed verdict even if the trial had been to a jury (Brown v. Schmitz, 237 Iowa 418, 423, 424, 22 N.W.2d 340, and citations).

II. Philip Tomin died January 30, 1965, at the age of 76 years. He had lived in the Sherman residence for over 53 years. He had been a business associate of Mr. Sherman prior to Sher-

man's recent death. Mrs. Sherman's daughter Ruth and her husband, M. F. Blindman, also lived in this home and had assumed the task of caring for the needs of both Philip Tomin and Mrs. Sherman. After the death of Philip, the Blindmans examined the contents of his room and in a dresser drawer found a will purportedly executed March 26, 1924, which left all decedent's property to Mrs. Sherman. They found no other will. Mamie Temin Abramson, the plaintiff-contestant, J. T. Temin, Edward Temin and Hy Temin are adult children of decedent's brother and were not mentioned in this will. More unhappy than the others, the plaintiff appeared and filed objections to probate and made demand for a jury trial on the issues raised in her petition, which prior to amendment were undue influence and improper execution.

On April 10, 1965, the defendant-proponent filed her answer and general denial. On May 18, 1965, she applied to the court for authority to join J. T. Temin, Edward Temin and Hy Temin, nephews of deceased, as parties-defendant, and the same was granted. On November 9, 1965, default was entered as to these additional defendants.

On or about July 1, 1965, plaintiff's original counsel, Peter W. Burk, was granted leave of court to withdraw from the case, and from then until January 28, 1966, plaintiff was without counsel of record. On February 21, 1966, Mr. Dallaire, plaintiff's new counsel, filed an amendment to her petition which alleged that a more recent will of Philip Tomin, illegally procured by M. F. Blindman, revoked the 1924 will, and also filed a motion for a continuance. In the meantime on December 28, 1965, on proponent's application, the court had set a pretrial conference for January 10, 1966. On January 11, 1966, contestant, unrepresented, requested a 90-day delay in the pretrial conference, which was denied by the court. On January 7, 1966, proponent requested that a hearing be had on January 17, 1966, to compel contestant to answer certain interrogatories filed December 29, 1965, by proponent. The trial of the main case was then set for February 23, 1966. However, on February 21, 1966, Mr. Dallaire also filed a motion to withdraw as plaintiff's counsel, which was granted by the court although only two days

remained before the date set for the trial. Plaintiff then failed to appear for trial on February 23, and two days later the court found she had been dilatory and negligent in prosecuting the case and had needlessly obstructed the process of the court. However, being aware of counsel's late withdrawal, it did not default plaintiff but granted her the opportunity to obtain other counsel and, with the condition that the case be tried to the court without a jury, trial was reset for March 23, 1966.

On March 22, 1966, Attorney Margaret E. Santee entered her appearance on behalf of plaintiff. She was then advised by the court that no further continuance could be granted. Nevertheless, on March 23 plaintiff and her counsel appeared for trial and, pursuant to an oral motion for a continuance which was overruled, the case then proceeded to trial. It was concluded April 4, 1966, after a written motion for a further continuance, supported by affidavit, was overruled. Defendant's motion to dismiss plaintiff's petition was then sustained. Plaintiff's motion for a new trial was overruled and decedent's will of March 26, 1924, was admitted to probate.

■ III. Appellant contends she showed clearly and affirmatively that the court abused its discretion in refusing to grant a further continuance on March 23, 1966, and that an injustice was thereby done. We cannot agree. While plaintiff was a resident of Shreveport, Louisiana, and far removed from Waterloo, Iowa, she had promptly retained counsel to commence this action and was represented by this counsel for approximately five months. It is fair to assume counsel did investigate the circumstances in this rather simple contest and was convinced it lacked proof of any misconduct on the part of proponent or her family. Thereafter plaintiff did nothing toward obtaining new counsel or in prosecuting her action for approximately six months. Only after proponent pressed for a pretrial conference in December of 1965 did she indicate any interest in the case, and even then did not obtain another counsel. She merely asked for a 90-day delay of that conference. When it was denied, she did not appear, did not answer interrogatories and, when her second counsel withdrew, did not appear for the trial on February 23, 1966. There is little doubt in our minds that the court's finding

of neglect and a lack of diligence in prosecuting this case was justified. While present counsel had little time to prepare for this trial, she did consult with and had the benefit of the investigations and efforts of the two former plaintiff attorneys. She admits they briefed her as to any evidence they had which would tend to support the allegations of plaintiff's petition. We believe Miss Santee did a credible job in obtaining and presenting every scintilla of evidence which would support plaintiff's suspicion that decedent executed another will or that defendant and members of her family might have found and destroyed a subsequent will of decedent, this being the thrust of her contention in this trial.

■ Appellee contends plaintiff's oral motion for a continuance on the date set for the trial failed to comply with rules 182(a) and 183(b), Rules of Civil Procedure, and we must agree.

Rule 182(a) provides: "Motions for continuance shall be filed without delay after the grounds therefor become known to the party or his counsel. * * *."

Rule 183(b) provides: "All such motions based on absence of evidence must be supported by affidavit * * * and must show: (1) * * * (2) what efforts, constituting due diligence, have been made to obtain such witness or his testimony, and facts showing reasonable grounds to believe the testimony will be procured by the next term; (3) what particular facts, distinct from legal conclusions, affiant believes the witness will prove, and that he believes them to be true and knows of no other witness by whom they can be fully proved. * * *."

Appellant made no attempt to show that she used diligence to ascertain testimony tending to prove any other will execution, and no facts were stated in the motion or affidavit which showed reasonable grounds to believe testimony relating to any other will can be procured in the future. In fact, there is no showing such evidence is available or exists. It would thus appear that appellant failed to comply with rules 182(a) and 183(b) and, under the circumstances, this itself affords sufficient basis for the denial of a continuance. State v. One Certain Automobile, supra, 237 Iowa 1024, 1027, 23 N.W.2d 847; Twaites v. Bailly,

210 Iowa 783, 785, 231 N.W. 332; Gaynor v. Magoun, 229 Iowa 134, 135, 294 N.W. 256.

Allegedly, based on newly discovered evidence, it also appears there was no showing by affidavit or otherwise as to what the newly discovered evidence pertained. The affidavit filed with the written motion only asked 30 days to evaluate the evidence and to further investigate the circumstances revealed thereby. Even in this appeal we are not advised as to what evidence plaintiff claims she did not know of or have available for almost a year prior to this trial.

Plaintiff also failed to show that she was faultless in not promptly obtaining other counsel when her former counsel withdrew. Although as a rule counsel should be permitted a reasonable time to prepare for trial, it is primarily the rights of the litigants, not the attorneys, that must be protected by the court, and prejudice will not be presumed just because there is a change of counsel a day or two before trial. While two days' time in cases of this nature could be too little time, it does not appear herein that counsel was handicapped thereby.

Appellant cites Finch v. Wallberg Dredging Co. (1955), 76 Idaho 246, 281 P.2d 136, 48 A. L. R.2d 1150, in support of her contention that refusal to grant the Santee continuance request was an abuse of the court's sound discretion. It is not factually applicable here. There in a complicated case counsel served notice of withdrawal on February 19 and it was permitted by the court. On February 20 appellants engaged a new attorney who promptly filed a motion, supported by affidavits, for continuance of the February 23 trial date. When the court, advised of these circumstances, refused the continuance, the new counsel refused to proceed. A motion to dismiss appellants' case was then sustained and they appealed. The court therein noted that there was no lack of diligence shown on the part of appellants, no failure to properly file for a continuance, and that a showing was made that the complicated cause could not be properly prepared and presented on three days' notice to the new counsel. Under those circumstances we would agree with the Idaho court, but here we have a period of over three weeks after withdrawal of counsel before present counsel was retained and no showing

made that plaintiff exercised diligence to obtain counsel during that period.

We, therefore, conclude there was no abuse of the trial court's discretion in refusing a further continuance in this trial or that any injustice or prejudice to plaintiff resulted from that ruling.

█ IV. Appellant's next contention is directly related to the trial court's condition for the February 25, 1966, continuance of this matter. Since appellant requested a trial by jury, this order in effect was a denial of that right. We cannot approve such a conditional continuance, and were it not for our conclusion that there was no evidence from which a jury could find that the will of 1924 was not the last will and testament of decedent, we would feel obliged to reverse and order the matter be submitted to a jury.

It is appellee's contention that there is no evidence or permissible inference from the facts shown in this record which would support a finding that any other will of decedent had been executed, found, secreted, or destroyed by defendant or any other person, or that the 1924 will had been revoked or superseded.

█ The party who is required to plead an issue has the burden of proving that issue. It is true a material fact may be pleaded either by express averment or by the averment of other facts from which the material fact is a necessary inference. Fortgang Brothers, Inc. v. Cowles, 249 Iowa 73, 76, 85 N.W.2d 916; Homire v. Rodgers, 74 Iowa 395, 37 N.W. 972. However, in the instant case the material facts of another decedent will, or of its destruction by others, is not a necessary or permissible inference from anything alleged or shown herein.

██ In a will contest case the evidence must disclose more than a scintilla of evidence to justify the trial court in submitting a case to the jury. In re Estate of Burrell, 251 Iowa 185, 197, 100 N.W.2d 177, and citations; 95 C. J. S., Wills, section 462b(1). In In re Estate of Kenny, 233 Iowa 600, 605, 10 N.W.2d 73, 76, we said: "This court is committed to the doctrine that a mere scintilla of evidence will not sustain the burden of proof." In Bales v. Bales, 164 Iowa 257, 276, 145

N.W. 673, we announced the rule since followed in this jurisdiction and said: "It was formerly considered necessary in all cases to leave the question to the jury if there was any evidence in support of the case, but it is now settled that the question for the judge is, not whether there is literally no evidence, but whether there is any that ought reasonably to satisfy the jury that the fact sought to be proved is established."

We have carefully examined this record for evidence to support appellant's contentions. She apparently relies upon the opportunity of defendant and her family to discover and destroy a subsequent will, contending circumstantially it discloses fraud, motive and conspiracy to avoid decedent's intended disposition of his property. She relies upon the retracted testimony of Mr. Blindman that no will had been found prior to a telephone conversation with Jack Temin the day after decedent died, and upon an alleged admission reportedly made in a conversation between Ruth Blindman and plaintiff. This testimony of Ruth at the trial was as follows: "Q. Did you at anytime say anything about any other will? A. I said, 'We are looking to see if we can find another will', which we did." When plaintiff's counsel asked that this answer be read back, the reporter obliged and then the witness said: "Can I explain myself on that? When I said, 'which we did', I meant that we have been looking for over a year." Thereafter Ruth testified that they had continued to look for a different will but did not find one. Clearly, this testimony is not an admission and would not support a finding that another will had been found.

There was testimony that decedent had spoken of making a will in recent years, but nothing to indicate he did so. On the other hand, the evidence discloses that a rather careful investigation at law offices and banks to determine if such an attempt had been made was fruitless.

It is true the Blindmans had access to the room and effects of decedent after his death, that Mr. Blindman, in the presence of a reputable bank officer, took an annuity policy made out to Mrs. Sherman from decedent's safe-deposit box two days after decedent's death, but it also appears no other papers were removed therefrom prior to the inventory thereof on February 3,

1965, when the box was transferred to the name of Mr. Blindman, who was later appointed temporary administrator of this estate.

Appellant argues these facts are sufficient to permit an inference that another will had been properly executed, that it revoked the former will which had been properly executed under the laws of Iowa on March 26, 1924, that this will had been found and destroyed by defendant or others besides decedent, and that plaintiff was entitled to a share in the intestate estate of Philip Tomin. We cannot agree. There was no evidence of the execution of any subsequent will, and nothing in the way of proof of its possible contents. As bearing on these requirements, see In re Estate of Givens, 254 Iowa 1016, 1023, 119 N.W.2d 191, and In re Estate of Lawrence, 251 Iowa 305, 308, 100 N.W.2d 645.

While the evidence and the permissible inferences from it are to be viewed in the light most favorable to the plaintiff herein (rule 344(f)(2) as amended), it is clear to us that plaintiff has failed to furnish anymore than suspicion, opportunity and a possible motive, to sustain her allegations. There is hardly a scintilla of evidence that any other will was ever executed by decedent, to say nothing of its provisions, and the court would not have been justified in submitting these issues to a jury. In re Estate of Burrell, supra, 251 Iowa 185, 197, 100 N.W.2d 177.

Of course, plaintiff had the burden to prove her claim as to the contents of an alleged lost or destroyed will by evidence that is clear, satisfactory and convincing. Even with all permissible inferences, we are satisfied plaintiff's evidence is insufficient to raise even a doubt that any other will had been executed or different disposition of decedent's property had been made. Fortgang Brothers, Inc. v. Cowles, supra, 249 Iowa 73, 76, 85 N.W.2d 916.

V. None of the original charges of undue influence or improper execution of this will was pursued by contestant, and the charge of illegal entry of decedent's safe-deposit box to determine whether there was a more recent will therein was not seriously pressed as a basis for denying probate of the 1924 will.

In any event we find nothing in this record which would indicate that any further or more diligent investigation of the facts, or anymore study of them, would reveal any positive acts on the part of decedent or any other person which would provide for a different disposition of decedent's property from that provided in the 1924 will. Having so concluded, the judgment of the trial court must be affirmed.—Affirmed.

All JUSTICES concur.