# IN THE COURT OF APPEALS OF IOWA

No. 18-0491
Filed February 20, 2019

IN RE THE MARRIAGE OF KALLI CAVALIER
AND AARON CAVALIER

Upon the Petition of
**KALLI CAVALIER, n/k/a KALLI TERRELL,**
        Petitioner-Appellee,

**And Concerning**
**AARON CAVALIER,**
        Respondent-Appellant.

_____


Appeal from the Iowa District Court for Linn County, Fae E. Hoover-Grinde, Judge.


Aaron Cavalier appeals the district court's order modifying the child care and custody provisions of his divorce decree. **AFFIRMED.**


Thomas J. Viner of Viner Law Firm P.C., Cedar Rapids, for appellant.

Kristen A. Shaffer of Shuttleworth & Ingersoll, P.L.C., Cedar Rapids, for appellee.


Considered by Vogel, C.J., Vaitheswaran, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**VOGEL, Chief Judge.**

Aaron Cavalier appeals from the district court's order modifying physical care of K.C., born in 2012, his child with Kalli Cavalier, now known as Kalli Terrell. He argues the district court abused its discretion by denying his motion to continue and it should not have changed physical care of K.C. to Kalli. Kalli requests appellate attorney fees. We find no abuse of discretion and we decline to interfere with the modification or award attorney fees.

Aaron and Kalli married on September 8, 2012, and the marriage was dissolved on January 27, 2015.[1] The dissolution decree incorporated the parties' stipulation, in which they agreed to joint legal custody of K.C. with Aaron having physical care and Kalli having supervised visitation.

On June 28, 2016, Kalli filed her petition for modification, claiming a material and substantial change in circumstances and seeking shared physical care of K.C. On September 11, 2017, Kalli moved to amend her petition, asking the court to grant her physical care of K.C. On September 21, Aaron filed a motion to continue trial due to Kalli's recent amendment to her petition, and the court denied his motion. On October 25 and 26, trial was held on the matter. On January 10, 2018, the district court issued its ruling, finding a material and substantial change in circumstances and granting physical care of K.C. to Kalli and visitation with Aaron. Both parties filed post-trial motions. On March 1, 2018, the court corrected and modified certain provisions in its earlier ruling, but it retained physical care with

---

[1] Kalli is the mother of another child, who was born in 2014. The parties' divorce decree acknowledges Aaron is not the father of this child.

Kalli and visitation with Aaron. Aaron now appeals, and Kalli requests appellate attorney fees.

Regarding the motion to continue, such a motion "is in the discretion of the trial court and will be interfered with on appeal only where there is a clear abuse of discretion." *In re Marriage of Hatzievgenakis*, 434 N.W.2d 914, 916 (Iowa Ct. App. 1988). "Ordinarily an abuse is found to exist only where there is not support in the record for the trial court's action." *Id.* In denying the motion, the court wrote:

> [Aaron] is the primary care provider for the minor child pursuant to the earlier decree. Based upon [Aaron's] resistance to [Kalli's] request to modify primary care to a shared-care arrangement, [Aaron] would be expected to present evidence at trial that he remains a fit and proper person to have primary physical care of the minor child in any event. The fact that [Kalli] now requests, in the alternative, a modification of the decree to order her to provide primary care, in light of [Aaron's] recent move, does not substantially change the physical care issues to be determined by the Court nor the evidence to be presented by either party.[2]

We find support for the court's decision to deny the motion to continue and the court did not abuse its discretion in doing so. *See id.*

Regarding the modification of physical care, we review such decisions de novo. *In re Marriage of Hoffman*, 867 N.W.2d 26, 32 (Iowa 2015). "Although we make our own findings of fact, 'when considering the credibility of witnesses the court gives weight to the findings of the trial court' even though we are not bound by them." *Id.* (quoting *In re Marriage of Udelhofen*, 444 N.W.2d 473, 474 (Iowa 1989)). In order to modify a physical care provision:

> the applying party must establish by a preponderance of evidence that conditions since the decree was entered have so materially and

---

[2] Kalli's resistance to the motion to continue includes an email from Aaron, dated September 4, 2017, informing her he had moved to a new residence, from Fairfax to Belle Plaine, on August 4. Kalli has lived in Marion since June 2015.

substantially changed that the children's best interests make it expedient to make the requested change. The changed circumstances must not have been contemplated by the court when the decree was entered, and they must be more or less permanent, not temporary. They must relate to the welfare of the children. A parent seeking to take custody from the other must prove an ability to minister more effectively to the children's well being.

*Id.* (quoting *In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983)).

The district court found Kalli made several positive changes since the decree, specifically finding she: ended her relationship with, and obtained a protective order regarding, her volatile ex-paramour; has addressed, and continues to address, her mental health issues; has earned a bachelor's degree; has obtained employment; and is purchasing a house. The court also found Aaron made positive changes in his life but "has demonstrated inability or unwillingness to support [K.C.'s] relationship with Kalli." Specifically, the court found Aaron: tried to prevent Kalli from contacting K.C. at his preschool graduation; denied, without valid justification, an uninterrupted week of visitation with Kalli as required under the decree; arranged a daycare provider without permitting or considering input from Kalli; and instructed the daycare provider not to speak with Kalli. Moreover, the district court found Aaron's credibility to be in question. On our review of the record, we agree with the district court that Kalli has proven a material and substantial change in circumstances and, because of Aaron's attempts to thwart Kalli's contact with K.C., Kalli is better able to minister effectively to K.C.'s well-being. We affirm without further opinion regarding the placement of physical care with Kalli. *See* Iowa Ct. R. 21.26(1)(a), (b), (d), (e).

Kalli requests appellate attorney fees. Appellate attorney fees are within the discretion of the appellate court. *In re Marriage of Ask*, 551 N.W.2d 643, 646

(Iowa 1996). "In determining whether to award appellate attorney fees, we consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the decision of the trial court on appeal." *In re Marriage of Hoffman*, 891 N.W.2d 849, 852 (Iowa Ct. App. 2016) (quoting *In re Marriage of Kurtt*, 561 N.W.2d 385, 389 (Iowa Ct. App. 1997)). Although successful in defending the district court's decision, awarding appellate attorney fees is not warranted.

**AFFIRMED.**