562 F.2d 276
 Louis W. HODGES, Ernest R. Pace, David G. Baldwin, Jerome
Boulding, Theodore Gibson, Elliot Hampton, Charles Holman,
Ellison Jones, George Martin, Robert Matthews, Kenneth
Roberts, Thomas Rumph, John Scott, Thaddeus Springs, Calvin
Strothers, and Curtis Tillman, John Washington, Charles E.
Allen, # 56176, on behalf of themselves and all others
similarly situated who are or have ever been assigned and
transferred to the Management Control Unit of the Trenton
State Prison, Appellants,
v.
Ann KLEIN, Commissioner of the New Jersey Department of
Institutions and Agencies, William H. Fauver, Director of
the Division of Correction and Parole in the New Jersey
Department of Institutions and Agencies, Richard A. Seidl,
Supervising Superintendent of the State Prison Complex,
Division of Correction and Parole, New Jersey Department of
Institutions and Agencies, Alan R. Hoffman, Superintendent
of the State Prison at Trenton, New Jersey, William
Anderson, Chief Deputy and Special Classification Committee
Member of the State Prison at Trenton, New Jersey, Robert G.
Simmons, Corrections Captain of the State Prison at Trenton,
New Jersey, Lawrence Ashton, Corrections Lieutenant and
Chief of the Management Control Unit of the State Prison at
Trenton, New Jersey, Stan Samuelson, Director of
Professional Services and Special Classification Committee
Member of the State Prison at Trenton, New Jersey, E. Calvin
Neubert, Special Classification Committee Member of the
State Prison at Trenton, New Jersey, John Doe, Special
Classification Committee Member of the State Prison at
Trenton, New Jersey, Tom Foe, Special Classification
Committee Member of the State Prison at Trenton, New Jersey,
all individually and in their official capacities.
John WASHINGTON, Appellant,
v.
Alan R. HOFFMAN, Superintendent, New Jersey State Prison at
Trenton, New Jersey.
Charles E. ALLEN, # 56176, Appellant,
v.
Ann KLEIN, Commissioner, Dept. of Institutions & Agencies,
Individually and in her official capacity, Alan R. Hoffman,
Superintendent, Trenton State Prison, Trenton, New Jersey,
Individually and in his official capacity, William Anderson,
Chief Deputy and member of the special classification
committee at Trenton State Prison, Trenton, New Jersey,
Individually and in his official capacity, E. Calvin
Neubert, Special Classification Committee Member at Trenton
State Prison, Trenton, New Jersey, Individually and in his
official capacity, Stan Samuelson, Director of Professional
Services and Special Classification Committee member at
Trenton State Prison, Trenton, New Jersey, Individually and
in his official capacity.
 No. 76-2662.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6) Sept. 9, 1977.
Decided Sept. 19, 1977.
 
 Leora Mosston, Prisoner's Rights Organized Defense, Newark, N. J., Stephen M. Latimer, Rutgers University Law School, Prison Law Clinic, Newark, N. J., for appellants.
 William F. Hyland, Atty. Gen. of New Jersey, Trenton, N. J., Stephen Skillman, Asst. Atty. Gen., Trenton, N. J., of counsel, Joseph T. Maloney, Deputy Atty. Gen., Trenton, N. J., on the brief, for appellees.OPINION OF THE COURT
 Before ALDISERT, ROSENN and GARTH, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this appeal, the operation of the Management Control Unit (MCU) of Trenton State Prison, to which prisoners deemed in need of close supervision are assigned, is challenged as violative of the proscription against cruel and unusual punishment and as a violation of the due process and equal protection clauses of the Constitution. Appellants, inmates who are or have been assigned to the MCU, appeal from the district court's denial of an injunction ordering that the MCU be closed or operated differently.
 
 
 2
 Appellants' due process claim should be examined in light of Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976), and Montayne v. Haymes, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976), in which the Supreme Court determined that inmate transfers were not subject to a hearing requirement, even when, as in Meachum, supra, the transfer was to a less desirable confinement situation. The presence in this case of procedures for periodic hearings to review an inmate's assignment to the MCU leads us to conclude that appellants' due process rights were adequately safeguarded.
 
 
 3
 Appellants further claim that assignment to the Management Control Unit violates the equal protection clause by depriving them of certain freedoms and privileges enjoyed by the general inmate population. If the challenged classification furthers some legitimate state interest, however, it will withstand an equal protection challenge. McGinnis v. Royster, 410 U.S. 263, 270, 93 S.Ct. 1055, 35 L.Ed.2d 282 (1973). Given the district court's factual findings regarding the considerable tension and an unusual number of discipline problems within the prison, it is clear that classifications among prisoners maintained the discipline and security in the prison and thus furthered a legitimate state interest.
 
 
 4
 Appellants' claim that the MCU subjects inmates to cruel and unusual punishment, viewed under the standard discussed in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972) (Brennan, J., concurring at 282), similarly must fail.
 
 
 5
 For these reasons, aptly elaborated in the district court opinion by the Honorable Clarkson S. Fisher, 421 F.Supp. 1224 (D.N.J.,1976), the judgment of the district court will be affirmed.