564 F.2d 153
 UNITED STATES of America ex rel. James LAND, Appellant,
v.
A. SIELAFF, Commissioner of Corrections of Penna. Camp Hill,
Pennsylvania, Edward DeRamus (Acting) Supt. State
Correctional Institution, Graterford, Pa., Allyn R. Sielaff,
Arthur T. Prasse, Commissioner and former Commissioner of
Corrections of Pennsylvania, Robert L. Johnson, Alfred T.
Rundle, Erskind DeRamus, Superintendent, former
Superintendent, and former Acting Superintendent of the
State Correctional Institution at Graterford, Pennsylvania.
 No. 76-2549.
 United States Court of Appeals,
Third Circuit.
 Submitted under Third Circuit Rule 12(6) Sept. 7, 1977.
Decided Oct. 20, 1977.
 
 Alan B. Rubenstein, Wolf, Block, Schorr and Solis-Cohen, Philadelphia, Pa., for appellant.
 Robert P. Kane, Atty. Gen., Michael von Moschzisker, Deputy Atty. Gen., Eastern Regional Director, Margret E. Anderson, Asst. Atty. Gen., Eastern Regional Office, Philadelphia, Pa., for appellees.
 Before ADAMS, VAN DUSEN and HUNTER, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 The major issue in this appeal is whether our decision in Gray v. Creamer, 465 F.2d 179 (3d Cir. 1972), which held that transferring a prisoner from the general prison population to segregated confinement without notice of charges or a hearing is a denial of due process, is to be applied retroactively.
 
 
 2
 The facts of this case, as stated by the district court, are as follows:
 
 
 3
 "On December 8, 1969, a prison guard at the Graterford Prison was assaulted by an inmate. Plaintiff was accused of committing the assault, and shortly thereafter was placed in solitary confinement. After a December 16, 1969 hearing before a Justice of the Peace, plaintiff was formally charged with the crime. However, at trial on July 2, 1971, plaintiff was acquitted of the offense. It appears that plaintiff was kept in solitary from December 8, 1969 until July 27, 1971.
 
 
 4
 "Essentially, the complaint charges that plaintiff's right to procedural due process under the Fourteenth Amendment of the Constitution was violated when he was placed in solitary confinement without first being afforded a hearing; that the prison authorities acted in bad faith in continuing his solitary confinement after the date on which he was acquitted of the assault on the guard; and that the circumstances of his solitary confinement amounted to cruel and unusual punishment in violation of his rights under the Eighth Amendment.
 
 
 5
 "The defendants are the persons who were superintendents of the Graterford prison during plaintiff's period of solitary confinement, and the persons who served as Commissioner of Corrections of the Commonwealth of Pennsylvania during that period."
 
 
 6
 United States ex rel. Land v. Sielaff, Opinion dated April 11, 1975 (Civ.No. 71-998, E.D.Pa.), reproduced at 32a, 32a-33a. We need only supplement this statement of facts by noting that Land was given a hearing three days after his commitment to punitive segregation (104a), transferred after an interview to administrative segregation (109a), and interviews reviewing his status were conducted periodically thereafter (89-92a, 95-96a, 109-122a).
 
 
 7
 Appellant's suit for damages was brought pursuant to 42 U.S.C. Sec. 1983.[1] The district court dismissed the suit against defendant-appellees DeRamus, Prasse and Rundle. As to defendant-appellees Sielaff and Johnson, the court dismissed with regard to the period of confinement prior to acquittal. Regarding the post-acquittal confinement, the district court, after trial, entered judgment in favor of Sielaff and Johnson. Appellant appeals from both the orders dismissing the suit and the judgment in favor of Sielaff and Johnson. We affirm.
 
 
 8
 In Gray v. Creamer, 465 F.2d 179, 185 (3d Cir. 1972), we held that "the transfer of a prisoner from the general prison population to solitary confinement without either notice of the charges or a hearing does not, absent unusual circumstances . . . meet minimal due process requirements" (footnote omitted). All of the events alleged by appellant as a basis for this course of action occurred prior to our decision in Gray. At about the same time as we decided Gray, the Supreme Court, in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), established due process rights for prisoners in the context of parole proceedings. In Wolff v. McDonnell, 418 U.S. 539, 573, 94 S.Ct. 2963, 2983, 41 L.Ed.2d 935 (1974), the Supreme Court held that "(t)he question of retroactivity of new procedural rules affecting inquiries into infractions of prison discipline is effectively foreclosed by this Court's ruling in Morrissey that the due process requirements there announced were to be 'applicable to future revocations of parole,' 408 U.S. at 490, 92 S.Ct. 2593 (emphasis supplied)." In light of Morrissey and Wolff, we hold that Gray is not to be applied retroactively. In so holding, we agree with Judge Fullam that "(t)he prison officials may not be held liable in damages at this time for actions which were not improper when judged by standards applicable at the time of the actions complained of." United States ex rel. Land v. Sielaff, supra at 33a.
 
 
 9
 Appellant claims several other contentions require reversal: that he was denied due process under pre-Gray standards, that Johnson and Sielaff did not sustain their burden of proving that they acted in good faith regarding the post-acquittal confinement,[2] and that the statute of limitations does not bar the action against Prasse and Rundle. After careful consideration, we reject these contentions.
 
 
 10
 Accordingly, the judgment of the district court will be affirmed.
 
 
 
 [1]
 42 U.S.C. Sec. 1983 provides:
 "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."
 
 
 [2]
 The burden is on prison officials to establish their good faith, United States ex rel. Tyrrell v. Speaker, 535 F.2d 823 (3d Cir. 1976), but there is evidence in the record from which the trial judge could reasonably have concluded that the burden was met