STATE of Iowa, Appellee,

v.

John Thomas KYLE, Appellant.

No. 61371.

Supreme Court of Iowa.

Nov. 22, 1978.

Lloyd H. Wolf, of Napier, Wright & Wolf, Fort Madison, for appellant.

Richard C. Turner, Atty. Gen., for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, McCORMICK, McGIVERIN and LARSON, JJ.

McGIVERIN, Justice.

Defendant John Thomas Kyle appeals his conviction and five year sentence after jury trial for escape in violation of Section 745.1, The Code, 1977. He claims the trial court erred in overruling his pre-trial motions for continuance and to dismiss the prosecution of the case. The motions were renewed at the close of the evidence. We affirm.

Kyle, an inmate at the Iowa State Penitentiary, Ft. Madison, was serving a life sentence for murder when he left from inside the facility without permission on March 29, 1977. Upon recapture in Florida several months later and return to the penitentiary approximately August 1, defendant was placed in Cellhouse 20, a maximum security area. He preferred to have been placed in Cellhouse 17 where some inmates, charged with escape from minimum security settings, are housed and prison restrictions are less severe.

A county attorney's information was filed in Lee County District Court charging defendant with escape and counsel was appointed to represent him. The case was assigned for trial for September 6. On September 2 defendant filed a petition for change of venue, which was granted the same day. Jury trial was re-set for September 16 in Henry County.

I. *The motion for continuance.* On September 15 Kyle filed a written motion for continuance alleging the living conditions in Cellhouse 20 were disruptive to the extent he was unable to properly analyze and concentrate on any possible defenses to the charge against him.

On September 16, the morning of trial, an evidentiary hearing was held. Defendant then added as a second ground for continuance that he was denied equal protection of the laws in violation of United States and Iowa Constitutions in being placed in Cellhouse 20 rather than Cellhouse 17. The state resisted the motion.

Defendant testified that actions of the inmates were loud and disruptive in Cellhouse 20. However, the record further showed defendant was represented by counsel at all material times, met with his attorney in preparation of the case and never was denied opportunity to do so. At no time did defendant's attorney indicate that he needed more time to prepare for trial.

The trial court generally agreed that defendant's prison living conditions were noisy but stated that if a continuance were granted, defendant would have to be returned to prison conditions under supervision of the correctional authorities. In an exercise of discretion, the court overruled the motion for continuance.

■ Rule 183(a), Iowa Rules of Civil Procedure, applies in this situation and provides:

A continuance may be allowed for any cause not growing out of the fault or negligence of the applicant, which satisfies the court that substantial justice will be more nearly obtained. It shall be allowed if all parties so agree and the court approves.

Under this rule, the granting or refusal of a motion for continuance rests largely in the sound discretion of the trial court and such discretion is very broad. *State v. Henderson*, 268 N.W.2d 173, 180 (Iowa 1978); *State v. McGinnis*, 243 N.W.2d 583, 586 (Iowa 1976). This Court will interfere with the action of the trial court in passing on a motion for continuance only where there has been a clear abuse of judicial discretion and injustice thereby done to the defendant. *State v. Hines*, 225 N.W.2d 156, 160 (Iowa 1975); *In re Tomin's Estate*, 260 Iowa 1129, 1132, 152 N.W.2d 286, 291 (1967).

■ The first ground of defendant's motion was based on his claim of inability to adequately prepare for trial due to disruptive living conditions. Generally continuances will not be granted for a want of defense preparation in the absence of a showing of good excuse. *State v. Youngbear*, 229 N.W.2d 728, 734 (Iowa 1975). In *Youngbear*, we held that a motion for continuance filed shortly before trial was properly overruled where additional preparation of the defense for trial could have been accomplished earlier by the exercise of adequate diligence. Kyle conceded he had been able to meet with his attorney whenever necessary to prepare for his case. His only claim was his cellhouse was noisy, making sleep at night difficult.

This case is distinguishable on the facts from *Orcutt v. State*, 173 N.W.2d 66, 71 (Iowa 1969) where we held in a child custody case that a continuance should have been granted where recently appointed counsel contended he had inadequate time to prepare for trial. Kyle's counsel makes no such claim here.

Although defendant was timely represented by counsel, defendant did not pursue his complaint about disruptive prison conditions until the day before trial.

■ Defendant has failed to show that prison conditions caused a lack of preparation for trial sufficient to justify a continuance.

Defendant's first ground is without merit.

Kyle next contends on appeal he was denied equal protection of the laws under Amendment 14, Constitution of the United States, because upon return he was placed in Cellhouse 20 rather than Cellhouse 17, a quieter place, and that interfered with his ability to prepare for trial. However, defendant conceded in his testimony at the

hearings that returned prisoners who had escaped from minimum security settings outside the prison were placed in Cellhouse 17 while prisoners, such as himself, who had departed without permission from inside the prison, were placed in Cellhouse 20.

■ An essential element of any equal protection challenge is that the alleged invidious discrimination must be against one person and in favor of another person or class of persons with no rational basis for any differentiation in treatment. *Burns v. Swenson*, 430 F.2d 771, 778 (8th Cir. 1966), cert. denied 404 U.S. 1062, 92 S.Ct. 743, 30 L.Ed.2d 751 (1972).

■ The traditional standard for evaluation of equal protection claims, the existence of a rational basis for differential treatment, is colored by deference to prison authority in administration of prison matters. In *McGinnis v. Royster*, 410 U.S. 263, 270, 93 S.Ct. 1055, 1059, 35 L.Ed.2d 282, 288–289 (1973), the Supreme Court made clear that where prisoners are classified differently for treatment the constitution requires "the challenged distinction rationally furthers some legitimate, articulated state purpose." That standard of review is somewhat tempered by the special demands of the prison setting. Although the constitution safeguards the rights of all persons, including prisoners, the Supreme Court has said the court system is "not unmindful that prison officials must be accorded latitude in the administration of prison affairs, and that prisoners necessarily are subject to appropriate rules and regulations." *Cruz v. Beto*, 405 U.S. 319, 321, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263, 267 (1972).

In applying an equal protection analysis to the prison setting, federal courts have refused to uphold an equal protection challenge to assignment of individual prisoners to special security facilities. In *Hodges v. Klein*, 562 F.2d 276 (3rd Cir. 1977), a constitutional challenge to the assignment of certain prisoners to a "management control unit" was upheld as furthering the legitimate state interest of security and discipline. *Id.* at 278.

■ The assignment of defendant to Cellhouse 20 would appear to fall within the scope of legitimate state interests contemplated in *Hodges*. Defendant had escaped from inside the prison walls and could, therefore, understandably be assigned to Cellhouse 20 in the interest of security.

Defendant was not denied equal protection of the laws as he contends.

The Court was correct in overruling defendant's motion for continuance on both grounds urged.

II. *Was prosecution of the case cruel and unusual punishment?* Next defendant moved to dismiss the prosecution of the case as being in violation of the 5th and 14th Amendments, U.S. Constitution, as cruel and unusual punishment. The court overruled the motion. Trial court sentenced defendant under Section 745.1 to serve an incarceration term, or consecutive sentence, from and after the expiration of his present life sentence.

Defendant logically argues that his sentence for escape would have to begin at the expiration of his present life sentence, or after his death. Therefore, defendant contends the prosecution of the case at all constitutes cruel and unusual punishment. In response, the State argues that prosecution of escape cases is within the discretion of the State and is necessary to deter unauthorized departures by inmates and to establish a record for consideration in connection with any request for commutation of a life sentence to a term of years at a later time.

In consideration of this assignment of error, we note that defendant does not specifically claim that Section 745.1 is unconstitutional in violation of Amendment 8, Constitution of the United States. Therefore, nothing is presented for review in that regard. *State v. Waterman*, 217 N.W.2d 621, 624 (Iowa 1974); *State v. Russell*, 216 N.W.2d 355, 356 (Iowa 1974). Instead, he claims the *prosecution* of the escape case is cruel and unusual punishment in that he is harassed by the present charge and five year sentence while he is already serving a

life sentence. Defendant cites no authority in support of this proposition.

 Generally, a sentence resulting from a prosecution "within statutorily prescribed penalties does not constitute cruel and unusual punishment" unless it is grossly disproportionate to the offense. *State v. Waterman*, 217 N.W.2d at 624.

The criteria for assessing whether a sentence imposed is cruel and unusual also was set out in the plurality opinion in *Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859, 874–875 (1976), reh. denied, 429 U.S. 875, 97 S.Ct. 197, 50 L.Ed.2d 158 (1976), where the court said "the inquiry into 'excessiveness' has two aspects. First, the punishment must not involve the unnecessary and wanton infliction of pain. Second, the punishment must not be grossly out of proportion to the severity of the crime." See also *State v. Remmers*, 259 N.W.2d 779, 782 (Iowa 1977). Applying the *Gregg* criteria to the facts of the present case reveals only the second aspect in issue. Defendant complains that prosecution for a five year sentence which could never be served, because imposed to follow a life sentence, is cruel and unusual punishment. It is difficult to understand how a sentence which would never have to be served could be cruel and unusual.

Similar challenges toward a sentence which extended beyond the life expectancy of the defendant were made unsuccessfully in *Chavigny v. State*, 163 So.2d 47 (Fla.Ct. App.1964) and *State v. Wallen*, 21 Ohio App.2d 27, 254 N.E.2d 716, 723 (1969), where defendants were sentenced to two consecutive life sentences.

We note that a challenge under § 793.18, The Code, that a sentence was excessive was rejected by this court in *State v. De-Raad*, 164 N.W.2d 108, 112–113 (Iowa 1969). There a claim was urged that a sentence of 75 years was excessive in view of defendant's life expectancy of only 22.82 years.

 As long as the sentence imposed does not exceed the penalty authorized by the statute for conviction of the crime charged, the trial court is within the authority granted by Section 745.1 and Section 789.12 in ordering the sentence imposed to run consecutively to the sentence being served for a prior conviction. *State v. Russell*, 216 N.W.2d 355, 356 (Iowa 1974).

 We also must consider that the bringing of an offender to trial for which the prosecution has sufficient evidence to prove guilt is a decision for the State to make. Discretion must be left with the authority charged with the duty to prefer criminal charges against a suspect. Cf. *State v. Russell*, 259 Iowa 1133, 1138, 147 N.W.2d 22, 25 (1967). (Defendant complained confederates were charged with a lesser offense.) If this court ruled otherwise, any defendant with an existing lengthy prison sentence would have less deterrence from committing other crimes. Good faith prosecution on probable cause should never be considered cruel and unusual punishment just because the accused has been previously convicted of other crimes.

 For the reasons stated, the court was right in overruling defendant's motion to dismiss.

The case is affirmed.

AFFIRMED.