# IN THE COURT OF APPEALS OF IOWA

No. 21-0803
Filed November 2, 2022

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**SHANE WAYNE MICHAEL,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, David Porter (Trial) and

Joseph Seidlin (Motion to Continue), Judges.


Shane Michael appeals his conviction of willful injury causing serious injury.

**AFFIRMED.**


Martha J. Lucey, State Appellate Defender, and Rachel C. Regenold,

Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney

General, for appellee.


Considered by Ahlers, P.J., and Badding and Chicchelly, JJ.

**AHLERS, Presiding Judge.**

A disagreement between two store patrons over COVID-19 masking spilled over into the parking lot and resulted in a physical altercation. The charge stemming from that altercation results in this appeal.

## I. Factual Background

Viewed in the light most favorable to the jury's verdict, the record reveals the following facts. On November 11, 2020, Shane Michael went shopping. Due to the COVID-19 pandemic, the store required all patrons to wear a face covering. Another patron saw Michael wearing his facemask around his chin and gestured to Michael to raise his mask. Michael took offense, and the men had a verbal altercation. A store employee requested that the men calm down. The other patron decided to leave the store and as he did so, Michael coughed on him, resulting in another exchange of words.

Shortly after the other patron left the store, Michael followed. Their argument reignited in the parking lot and ended in a physical altercation. During the altercation, Michael dug his thumb into the other patron's eye socket. The other patron bit Michael on the arm in an effort to make Michael quit gouging his eye. A witness called police who interviewed both men, employees, and other witnesses before arresting Michael.

## II. Procedural Background and Statement of the Issues

As a result of the altercation, Michael was charged with and convicted of willful injury causing serious injury, in violation of Iowa Code section 708.4(1) (2020). Michael appeals. He makes four claims: (1) the district court abused its discretion in denying his request to continue the trial; (2) the district court erred in

not allowing him to introduce portions of a law enforcement officer's body-camera video under the present-sense-impression exception to the rule against hearsay; (3) there is insufficient evidence that he intended to cause serious injury or that he caused serious injury; and (4) he should have been granted a new trial because the greater weight of the evidence supports his claim that he acted in self-defense. We address each of these claims separately.

## III.    Continuance Request

Michael filed a motion to continue the trial twelve days before trial.  Michael wanted more time to try to obtain surveillance video from inside the store.  The district court denied Michael's motion two days later.

### A.    Standard of Review

Trial dates are considered firm; motions for continuance are discouraged and not to be granted "except upon a showing of good and compelling cause." Iowa R. Crim. P. 2.9(2).  The decision whether to grant a motion for continuance is committed to the discretion of the district court and will be reversed only when there is abuse of that discretion.  *State v. Slayton*, 417 N.W.2d 432, 435 (Iowa 1987).  A ruling on a continuance request will be disturbed on appeal only when an injustice has resulted.  *State v. Clark*, 814 N.W.2d 551, 564 (Iowa 2012).  The abuse-of-discretion standard recognizes the interest of both the State and the defendant in a speedy and fair trial.  *Id.*

### B.    Analysis

Michael claims the district court abused its discretion in denying the motion because the motion was filed the same day the district court approved the State's request to amend the trial information—changing the charge from willful injury

causing bodily injury, a class "D" felony, to willful injury causing serious injury, a class "C" felony. He also claims the court abused its discretion because he was out of custody, he had waived speedy trial, and he had not previously requested a continuance.

We find no abuse of discretion in the district court's denial of Michael's motion. As to the facts that Michael was out of custody, had waived speedy trial, and had not previously requested a continuance, we simply point out that the district court, not the defendant, gets to decide what cases are to be given priority on the court's docket, and neither party is entitled to a continuance just because it is the first request. *See* Iowa R. Crim. P. 2.9(2) ("The date assigned for trial shall be considered firm.").

As to the fact that the State amended the trial information, we recognize that amendment of the charge raised the stakes. However, the amendment did not change the State's theory or Michael's claim of self-defense, and it did not dramatically change the direction of the case. *See Clark*, 814 N.W.2d at 562 (finding no error in denying a continuance request based on a claimed need to investigate a late-produced document when the document "did not dramatically change the direction of the case"). Michael filed a notice of self-defense nearly four months before trial and before the trial information was even filed. Michael knew he was claiming self-defense long before the State amended the trial information, and any information Michael could find to support his claim of self-defense would have been important to his case regardless of the level of crime charged. He already had ample time to secure the video if he believed it would help his defense. Further, there is nothing persuasive in the record establishing

why Michael could not have secured the video during the ten-day period between the denial of his motion and the start of trial. A motion for a continuance is "properly overruled where additional preparation of the defense for trial could have been accomplished earlier by the exercise of adequate diligence." *State v. Kyle*, 271 N.W.2d 689, 691 (Iowa 1978). That is what occurred here. We cannot say it was an abuse of the district court's discretion to deny the motion for a continuance.

## IV.    Exclusion of Body-Camera Video—Hearsay Exception

Michael sought to introduce the part of the investigating officer's body-camera video in which Michael told the officer Michael's version of events. The State objected on the basis of hearsay. Michael acknowledged that the evidence was hearsay, but he asserted an exception applied for present sense impression. The district court sustained the State's objection and excluded the evidence.

### A.    Standard of Review

Our standard of review for admission or exclusion of evidence as hearsay is for corrections of errors at law. *State v. Dessinger*, 958 N.W.2d 590, 597 (Iowa 2021). The district court has no discretion to deny admission of evidence on the basis of hearsay if the statement falls within an enumerated exception and has no discretion to admit evidence over a hearsay objection in the absence of a provision allowing it. *State v. Veverka*, 938 N.W.2d 197, 202 (Iowa 2020).

### B.    Analysis

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *State v. Shortridge*, 589 N.W.2d 76, 82 (Iowa Ct. App. 1998); *accord* Iowa R. Evid. 5.801(c). Hearsay is inadmissible at trial unless an exception to the

rule applies. Iowa R. Evid. 5.802. Both parties agree the video Michael sought to introduce was hearsay. They disagree on whether the present sense impression exception applies.

The present sense impression exception permits admission of a hearsay statement when it is "[a] statement describing or explaining an event or condition, made while or immediately after the declarant perceived it." Iowa R. Evid. 5.803(1). Determining whether a hearsay exception applies involves determining preliminary questions of fact. *Veverka*, 938 N.W.2d at 202. In this case, the preliminary fact questions are whether Michael's statements to the officer involved describing or explaining the event and whether they were made while or immediately after Michael perceived it. In resolving that factual dispute, we give deference to the district court's fact findings and uphold those findings if they are supported by substantial evidence. *Id.* While the district court made no specific fact findings as to the preliminary fact questions that form the foundation for a present sense impression exception, a finding that the exception requirements were not met is implicit in the district court's decision to exclude the evidence. *See State v. Tangie*, 616 N.W.2d 564, 569 (Iowa 2000) (determining that findings on preliminary questions as to applicability of a hearsay exception are implicit in the district court's ruling to admit the evidence).

"The rationale behind the present sense impression exception is that the declarant has no opportunity to fabricate a statement if the statement is made during or 'immediately' after the event." *Dessinger*, 958 N.W.2d at 600. While the statement need not be contemporaneous with the event, the passage of time "tends to undercut the present sense impression." *Id.* at 601.

The exact length of time between the altercation and the arrival of the officer sporting the body-camera who talked to Michael is not revealed by the record. The record suggests the gap was more than a few minutes. Between the conclusion of the altercation and the time Michael begins to describe it to the officer, paramedics had arrived and had already treated the other patron, Michael had placed his jacket and other belongings in his truck, and Michael was sitting in his truck bed. These events suggest enough time had passed between the altercation and Michael's description of it that Michael was no longer describing something while or immediately after he perceived it. This conclusion is bolstered by the fact that Michael knew the officer was there investigating the altercation, and Michael had sufficient time to collect himself and formulate a description of the altercation that was favorable to him. This time for reflection defeats the purpose of the present sense impression exception. The district court's fact findings that the present sense impression exception did not apply is supported by substantial evidence. Therefore, it was not error to exclude Michael's statements to the officer as hearsay.

## V.      Sufficiency of the Evidence

Michael claims the evidence was insufficient to find that he intended to cause serious injury or that he caused serious injury. Both findings are required to support Michael's conviction. *See* Iowa Code § 708.4(1).

### A.      Standard of Review

We review sufficiency-of-the-evidence challenges for corrections of errors at law. *State v. Crawford*, 974 N.W.2d 510, 516 (Iowa 2022). In evaluating the sufficiency of the evidence, we determine whether the finding of guilt is supported

by substantial evidence when the evidence is viewed in the light most favorable to the State. *Id.* Evidence is substantial if it would convince a rational fact finder that the defendant is guilty beyond a reasonable doubt. *Id.*

### B.      Analysis

The marshalling jury instruction required the State to prove:

1. On or about November 11, 2020, the defendant "assaulted" [the other patron];
2. The defendant "specifically intended" to cause a "serious injury" to [the other patron];
3. [The other patron] sustained a "serious injury" as a result of the defendant's actions;
4. The defendant was not justified.

The instructions defined "bodily injury" to mean "physical pain, illness, or any impairment of one's physical condition." They defined "impairment" to mean "to weaken, to make worse, to lessen in power, diminish, or relax, or otherwise affect in any injurious manner." They defined "serious injury" to mean "a bodily injury that creates a substantial risk of death OR causes serious permanent disfigurement OR causes extended loss or impairment of the function of any bodily part or organ." No objection was made to the instructions. Therefore, the instructions became the law of the case for purposes of appellate review on sufficiency-of-the-evidence challenges. *State v. Schiebout*, 944 N.W.2d 666, 671 (Iowa 2020).

Michael challenges sufficiency of the evidence supporting the second and third element of the marshalling instruction. We will take the challenges in order.

Michael claims there was insufficient evidence to support a finding that he intended to cause serious injury. Viewed in the light most favorable to the verdict, the record establishes that Michael, by his own admission, intentionally stuck his

thumb in the other patron's eye during the altercation. The other patron could feel Michael's thumb in his eye socket and could "literally feel [his] eye moving" from the force of the gouging. While Michael claims he gouged the other patron's eye to get the other patron to stop biting him, the other patron testified that he bit Michael in an effort to get Michael to stop gouging his eye. The jury clearly accepted the other patron's version of events, which it was free to do. *See State v. Shorter*, 945 N.W.2d 1, 10 (Iowa 2020) (noting that the jury can believe some of a witness's story while rejecting other parts and is "free to credit portions of both sides' evidence and conclude the real story is somewhere in the middle"). Evidence of Michael sticking his thumb in the other patron's eye socket out of anger with such force that the other patron could feel his eyeball moving is sufficient to allow a reasonable jury to conclude that Michael intended to cause serious permanent disfigurement or extended loss or impairment of the function of the other patron's eye. There is sufficient evidence supporting element two of the marshaling instruction.

Michael also contends the evidence was insufficient to prove he caused a serious injury. He argues that the other patron did not sustain a serious injury because his vision returned two months later, his scarring on his knee is minimal, and his shoulder injury does not limit his activity.

We find it unnecessary to address the injuries to the other patron's knee or shoulder, as the injury to his eye alone is sufficient to find Michael caused serious injury. As a result of the altercation, the other patron's eye was swollen shut. The white part of his eye had turned blood red as a result of hemorrhaging. An optometrist testified that the gouging of the eye resulted in the worst case of blood

behind the white part of the eye he had seen in his thirty-five years of practice. The other patron was in pain for weeks, and three months later the eye remained tender. For that three-month period, his vision was substantially reduced. At the time of trial, about four and one-half months after the altercation, the other patron still suffered "a sandy feeling" in that eye. This evidence is sufficient to support the jury's finding that the other patron suffered extended loss or impairment of the function of a bodily member or organ, specifically his eye. *See State v. Roby*, No. 13-0166, 2014 WL 465790, at *4–5 (Iowa Ct. App. Feb. 5, 2014) (finding the eye is "[u]ndoubtedly" a "bodily member or organ" and evidence was sufficient to establish serious injury when the victim could not see out of her swollen eyes for more than a day, the orbital blowout fracture she suffered required surgical repair, she suffered pain for more than a month after the surgery, and she continued to suffer a constant scratching sensation in her eye up to the time of trial).

Substantial evidence supports the jury's verdict on all elements of the offense. Michael's challenge to the sufficiency of the evidence fails as a result.

## VI.    New Trial Based on Self-Defense

Michael filed a motion seeking a new trial. He argued the greater weight of the evidence shows he acted in self-defense, so he should be granted a new trial. The district court denied his motion. Michael reprises the argument on appeal.

### A.    Standard of Review

The district court may grant a new trial when the verdict rendered is contrary to the weight of the evidence. *State v. Ernst*, 954 N.W.2d 50, 60 (Iowa 2021). A ruling on a motion for new trial is reviewed for abuse of discretion. *Id.* A new trial based on a weight-of-the-evidence challenge should only be granted in

extraordinary cases "in which the evidence preponderates heavily against the verdict rendered." *Id.* (quoting *State v. Ary*, 877 N.W.2d 686, 706 (Iowa 2016)). Appellate review of a weight-of-the-evidence challenge is limited to a review of the discretion exercised by the district court—it is not an independent review of whether the verdict is against the weight of the evidence. *State v. Linderman*, 958 N.W.2d 211, 218 (Iowa 2021).

### B. Analysis

The district court gave a detailed explanation of why the evidence did not preponderate heavily against the verdict that rejected Michael's claim of self-defense. That explanation included the district court's conclusion that Michael "clearly continued the incident" by following the other patron out the door, failed to follow an alternative course of action by staying in the store or getting into his own vehicle, and used unreasonable force by gouging the other patron's eye with his thumb. Based on this evidence, the court not only found the evidence did not preponderate heavily against the verdict, it found "the evidence presented actually weighs heavily in favor of the verdict that this jury rendered." We find no abuse of discretion in this ruling or the reasoning behind it.

## VII. Conclusion

The district court did not abuse its discretion by refusing to postpone the trial. The district court's finding that the present sense impression exception to the hearsay rule did not apply was supported by substantial evidence. As a result, no error was committed in excluding the body-camera video of Michael's statements to the investigating officer. Substantial evidence supports the jury's verdict finding that Michael intended to cause serious injury and the other patron suffered a

serious injury.  Finally, the district court did not abuse its discretion in refusing to grant a new trial because the evidence did not preponderate heavily against the guilty verdict rejecting Michael's claim of self-defense.  Therefore, we affirm.

**AFFIRMED.**